## SMITH, Apt. *vs.* BEAN.

Where a guardian, in prosecuting a claim in behalf of his ward, acts in good faith, upon competent advice, and with a belief that a just claim exists, he is entitled to have the reasonable expenses which he may have incurred, allowed on the settlement of his account; but if he act in bad faith, or without reasonable ground of belief that there is a just claim, which may be recovered, his claim will be disallowed.

APPEAL from the decree of the court of probate, allowing the account of the appellee as guardian of the appellant.

Thomas Burleigh, who had been, during the years 1819, 1820, and 1821, guardian of the appellant and three other minor children of John Smith, late of Holderness, deceased, rendered accounts of his guardianship, in which he charged his wards certain sums for their support during those years, and credited them with the use and income of a farm belonging to the estate the same sums. These accounts were passed in the probate court without objection, subsequent to which said Thomas died, and Benjamin Burleigh, his executor, on the 20th of May, 1823, presented a further account of the guardianship of said Thomas over each of said wards, in which he charged them with divers articles of clothing, &c., during those years, which account was also allowed and settled in the probate court.

The widow of said Smith, and said minor children with her, in fact occupied said farm during that period, and they were not supported or supplied by said Thomas farther than the articles charged in the account settled by said Benjamin, nor did he receive any use or income of the farm, or any rent therefor; but the charges in said account for support, and the credits for income, were made as matters of form, by advice, for the purpose of accounting for the rents of the farm, (under a supposition that the guardian was accountable

for such rents,) and then discharging the amount by charges for the support of the wards, which was in fact derived from the farm instead of rent.

After the settlement of the account rendered by said Benjamin Burleigh, it was suggested by a Mr. Shepard, professing to act as a friend for the children, that there was an error in the accounts, in that said Thomas had been allowed a sum in gross for the support of his wards during those years, and afterwards in the account rendered by his executor his estate had been allowed an additional sum for divers articles furnished for the support of said wards in those years; the fact that he had accounted for rent of the farm, which he had never received, by way of balancing his charges for support, was overlooked or misunderstood; and Bean, the appellee, was requested to take a letter of guardianship over the children, for the purpose of having the mistake corrected, and of recovering back from said Benjamin Burleigh such sums as he was supposed to have thus unlawfully received in the settlement of said accounts. The appellee consented, and was duly appointed guardian. B. Burleigh exhibited to him the papers, and endeavored to explain the accounts, but the appellee consulted counsel who advised him that there was a good claim; and the time allowed by law for an appeal from the decree of the probate court allowing the account of said Thomas, as presented by said Benjamin, having then elapsed, a petition was presented to this court for leave to enter an appeal therefrom, and, after notice to the adverse party, upon a hearing in this court, either by agreement of the parties or upon representations made to the court leave to enter an appeal was granted, and reasons of appeal filed. Those reasons being insufficient were afterwards amended, and the case committed to an auditor, who reported that there was a balance of $689 00 in the hands of said Benjamin Burleigh; but upon an investigation of the accounts by the court, the facts were found to be as above stated, and that nothing remained in the hands of said Burleigh.

The appellee, during the pendency of the proceedings, presented in the probate court his account of guardianship, in which he charged the costs of these proceedings up to that time, which was allowed by the judge of probate. Subsequently he made a final settlement of his guardianship, and was allowed the residue of his charges on account of said litigation, from which decree of allowance this appeal is taken.

*N. P. Rogers*, for the appellant. An agent constituted by law, without the voluntary and competent appointment of the principal, should be holden to exercise common prudence, if nothing more. A guardian assumes a trust of great importance and power, on the ground that the ward has no prudence, and that the guardian is preëminent for it. Prudence is the distinguishing characteristic of the trust. Want of it is legal bad faith.

The facts reported by the auditor do not show the exercise of prudence by the appellee. That Shepard thought there was property in the hands of Burleigh is of no importance. It does not show that the appellee thought so, or had reason to think so, until it appears that Shepard was competent to advise in such matters. That counsel advised is immaterial, unless it be shown that they advised upon a disclosure of the facts of the case, which does not appear. In truth, they only advised respecting the mode in which a remedy should be sought—that there must be a petition for leave to appeal. No counsel could have honestly advised to the prosecution of the claim, on the facts as known to the appellee himself. It does not appear what evidence was offered before the auditor to whom that matter was committed, or that any fact was proved contrary to what now appears—any fact that might lead the appellee prudently to commence the proceeding. If the finding of that auditor was right, in any degree, it must be admitted that there was reasonable ground

Smith
vs.
Bean.

for the experiment; but the auditor in that case, at the request of the counsel of Burleigh, made the papers which led him to his magnificent result, a part of his report, and the court, upon the inspection of them, rejected the report and gave judgment for Burleigh. The leave to appeal was granted on the agreement of B. Burleigh, who, after the allegations had been made, preferred to have them examined.

There was some apparent impropriety, upon the face of the accounts, in Burleigh's charging for the support of the children in certain years, and afterwards charging for supplies furnished them during the same years; but the case finds that the papers were exhibited to the appellee, and explained to him by B. Burleigh. He was of course told that the charges for the support were merely matter of form, for the purpose of balancing the credits of the income of the farm, which were also merely nominal. After this explanation there was no excuse for pursuing the matter, and the appellee proceeded rashly and imprudently, if not in positive bad faith.

*Bell*, and *Bliss*, for the appellee.

PARKER, J. It appears, from the final decision of the court, that the claim made by the appellee, as guardian of the appellant, was not well founded; and upon examination of the facts in the case it may well excite surprise that any controversy should have arisen. Had the appellant proceeded in the matter upon his own motion, or without competent advice, the responsibility might well be left to rest upon him. If without sufficient investigation he had seen fit to prosecute an unfounded claim, he could not have complained had he been left to pay the expense; and there is enough to show that the claim was utterly unfounded, and to lead to the belief that a thorough investigation might have convinced any one of that fact. Were there no other circumstances, we should have no hesitation in disallowing any claim for the expenses thus incurred.

But there are other matters to be considered. The appellee was led, in the first place, before he took the guardianship, to a belief that injustice had been done, and he was solicited to become guardian for the purpose of having the error corrected. His first step was to consult two counsellors at law; and for aught which appears, he disclosed to them all the information he had upon the subject. There is nothing to show that they disregarded their duty, and advised to the prosecution of a claim appearing to them to be unfounded. Upon their advice, so much time having elapsed that an appeal as a matter of right could no longer be claimed, he proceeded, in pursuance of the statute, to petition this court for leave to enter an appeal. What was laid before the court upon that application does not now appear. The adverse party came in, upon notice, and a hearing was the regular course of proceeding. It is suggested, that there was but a partial hearing, and that after the evidence on the part of this appellee, as guardian, had been put in, and some discussion had, Benjamin Burleigh, the defendant in that proceeding, assented that leave to appeal should be granted, for the purpose of having an investigation; and that the matter went off in this way without being fully examined by the court. These facts do not appear by the report of the auditor in this case. The case finds that leave to enter an appeal was granted by the court. But if it had been as suggested, it appears farther, that the matter was then committed to an auditor, selected by the parties or appointed by the court, and who then held the office of judge of probate for the county, who found $689 00 unaccounted for in the hands of Burleigh. This result is sufficiently astonishing upon the case before us; and how the conclusion was reached is certainly not very apparent; but under all these circumstances, can we say that this guardian acted in bad faith, or so imprudently that the expenses of this litigation should fall upon him?

He was to gain nothing by the litigation, if successful.

In such case, the advantage would have accrued to his wards; and although this is not of itself a justification, it must be considered with the other facts ; and when we find that the guardian accepted his trust mainly because he was told that injustice had been done, and for the purpose of having it corrected ;—that he probably laid the facts as communicated to him fairly before counsel who ought to have been able to advise him correctly, and who did advise him to proceed ;—that an auditor, upon a hearing before him, found a large balance in favor of the wards ;—and when we add to this the fact that this litigation was had by permission of this court, upon due application for that purpose, even if this permission was granted in some measure upon the assent of the parties, we cannot surely charge upon this guardian bad faith, nor such a want of reasonable ground for belief in the justice of the claim as to make him liable to pay the expenses out of his own pocket.

However unfounded the claim may have been, and may now seem to be, that knowledge does not appear to have been possessed by the guardian at the time; and he had some right to rely upon others, if he stated fairly the facts within his knowledge. The circumstance that the appeal was granted by the proper judicial tribunal, if it had been upon an investigation, must alone have been conclusive upon the subject ; for it could not be assumed that the prosecution of the claim was unreasonable, when done by the authority of a competent court, unless actual bad faith was apparent.

That this litigation has been a most unfortunate one for the wards, is very true—and that they, being minors, had no active agency in advising or carrying it on, also appears ; but this cannot change the principle which must govern the case, or authorize us to charge all the misfortune upon the guardian, who prosecuted as he believed for their benefit.

*Decree affirmed.*